UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTINA COSTA,

           Plaintiff,

      v.

SEARS HOME IMPROVEMENT PRODUCTS,
INC. and SEARS HOLDINGS CORPORATION,

           Defendants.

**DECISION AND ORDER**

6:12-CV-6235 EAW

---

## BACKGROUND

On April 30, 2012, Plaintiff Christina Costa ("Plaintiff") commenced this action alleging unlawful retaliation against Defendants Sears Home Improvement Products, Inc. ("SHIP"), and Sears Holdings Corporation (collectively, "Defendants") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). (Dkt. 1). Plaintiff alleged Defendants terminated her employment in retaliation for her participation in various protected activities. (*Id.*).

A jury trial commenced on October 16, 2015. (Dkt. 99). After the jury commenced its deliberations, but prior to reaching a final verdict, the parties agreed to a resolution, resolving Plaintiff's retaliation claim but leaving for a further determination by the Court the amount of attorneys' fees and costs to be awarded to Plaintiff. The Court retained jurisdiction to decide the reasonable attorneys' fees and costs to be awarded to Plaintiff. (Dkt. 121).

Pursuant to the schedule established by the Court, Plaintiff's counsel submitted its application for attorneys' fees on November 30, 2015. (Dkt. 123, 125).[1] On December 30, 2015, Defendants submitted their papers in opposition to the fee application. (Dkt. 126). Then, on January 14, 2016, Plaintiff filed a motion seeking to adjourn further submissions and deliberations on the underlying attorney fee application so that discovery could be re-opened concerning issues raised with respect to the attorney fee application. (Dkt. 129). The Court stayed any further briefing on the attorney fee application, and set a schedule for the submission of papers on the motion to re-open discovery. (Dkt. 131). Pursuant to that schedule, Defendants filed papers in opposition to the motion to re-open discovery (Dkt. 132), and also filed their own cross-motion to re-open discovery (Dkt. 133). Plaintiff filed papers in further support of her motion to re-open discovery (Dkt. 135), and papers in opposition to Defendants' cross-motion to re-open discovery (Dkt. 137). Finally, Defendants filed reply papers in support of their cross-motion. (Dkt. 138).

Plaintiff seeks to re-open discovery "for the limited purpose of obtaining Defendants' time and billing records." (Dkt. 129-1 at ¶ 1). According to Plaintiff, Defendants' opposition to her fee application has caused Defendants' own time and billing records to become relevant, as Defendants contend that Plaintiff's fee application is excessive, unreasonable and grossly inflated. (Dkt. 129-3 at 7-15). Plaintiff argues that Defendants' own time and billing records will undercut their attacks on Plaintiff's

---

[1]   Part of Plaintiff's attorney fee application is sealed, pursuant to the terms of the confidential settlement agreement reached by the parties and this Court's Order entered December 2, 2015. (Dkt. 124).

fee application to the extent that Defendants contend that there were too many attorneys working on the case, too many hours billed on various aspects of the case, and too high a billable rate on behalf of Plaintiff's attorneys. (*Id.*). Plaintiff argues: "Defendants' time and billing records could assist the Court in serving as a benchmark. Defendants' time and billing records will also show how vigorously Defendants defended this lawsuit." (Dkt. 129-1 at ¶¶ 12-13). Plaintiff attaches proposed interrogatories and document demands to its motion papers. (Dkt. 129-2 at 6-15).

Defendants oppose Plaintiff's motion to re-open discovery. (Dkt. 132). However, in the event that the Court is inclined to allow for such discovery, Defendants seek by cross-motion to similarly re-open discovery "for the limited purpose of obtaining all of Plaintiff's counsel's time and billing records (in redacted form) for each date and time that was billed on this matter for every other matter billed on those dates." (Dkt. 132-1 at ¶ 14). Defendants argue that "Plaintiff's counsel's billing entries demonstrate numerous instances of inflated overbilling and, accordingly, it would be very helpful to both Defendants and the Court to see whether Plaintiff's counsel was also billing on other matters on the dates that they claim to have spent large amounts of time on the instant matter." (*Id.*).

Plaintiff responded to Defendants' cross-motion by arguing that to the extent her motion to re-open discovery was granted, Plaintiff would agree to produce the time and billing records for trial counsel only, in redacted form with certain limitations. (Dkt. 137-1 at 4).

In addition to seeking to adjourn the submission of further papers on the underlying fee application, Plaintiff seeks permission to file a supplemental fee application for the additional costs and fees Plaintiff has and will incur in pursuing her fee application. (Dkt. 129-1 at ¶ 20).

## DISCUSSION

Plaintiff seeks to re-open discovery for the purpose of compelling Defendants to produce information concerning the legal fees incurred in defending this action, based upon the theory that information concerning the fees incurred by Defendants will be relevant to Plaintiff's proof as to the reasonableness of her attorneys' fees. According to Plaintiff's logic, the hourly rates charged by Defendants will be relevant to the reasonableness of Plaintiff's counsel's hourly rates. Similarly, Plaintiff argues that the time spent by defense counsel litigating various aspects of the case will be relevant to the reasonableness of the hours spent by Plaintiff's counsel, both in terms of representing the time reasonably devoted to various tasks and depicting the vigorous efforts by defense counsel.

As the party seeking to reopen discovery, Plaintiff "bears the burden of establishing good cause." *Jacobs v. New York City Dep't of Educ.*, No. 11-CV-5058 (MKB)(RML), 2015 WL 7568642, at *3 (E.D.N.Y. Nov. 24, 2015). While a number of factors are generally considered by courts when deciding whether a party has met its burden to demonstrate good cause to reopen discovery,[2] the critical factor at issue on this

---

[2] Courts in this Circuit generally consider six factors when determining whether a party has established good cause to re-open discovery: (1) whether a trial is imminent;

- 4 -

motion is the relevance of the records. In other words, if Defendants' billing records are relevant to this Court's determination of Plaintiff's fee application, then discovery should be re-opened, but if the records are not relevant, then the re-opening of discovery would be inappropriate.

Title VII of the Civil Rights Act of 1964 authorizes a court, in its discretion, to award reasonable attorneys' fees and expenses to a prevailing party. 42 U.S.C. § 2000e-5(k). To determine the amount of attorneys' fees, a court must calculate the "presumptively reasonable fee," which the Second Circuit has instructed requires consideration of "the case-specific variables" to ascertain a reasonable hourly rate and the reasonable number of hours required by the case. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). See *Echevarria v. Insight Med., P.C.*, 102 F. Supp. 3d 511, 515 n.2 (S.D.N.Y. 2015) (discussing different terminology applicable to fee application determination, including the "lodestar" method for calculating fees as related to *Arbor Hill* decision).

"The decision whether to allow discovery of information regarding fees and expenses of opposing counsel is generally considered to be within the discretion of the trial court." *Okyere v. Palisades Collection, LLC*, 300 F.R.D. 149, 150 (S.D.N.Y. 2014)

---

(2) whether the request to re-open discovery is opposed; (3) whether the party opposing the request would suffer prejudice; (4) whether the party seeking to re-open discovery was diligent in obtaining discovery pursuant to the scheduling order set by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery; and (6) the likelihood that the discovery will lead to relevant evidence. *Jacobs*, 2015 WL 7568642, at *4.

(quotation omitted). As United States District Judge Larimer explained in *Mendez v. The Radec Corp.*, 818 F. Supp. 2d 667 (W.D.N.Y. 2011):

> there is no clear-cut rule concerning whether an opponent's billing records are discoverable on a motion for attorney's fees. Cases can be found ruling both ways on that issue.
>
> The general principle underlying these divergent results seems to be that whether such information is discoverable depends on the nature of the objections raised to the fee request.

*Id.* at 668-69 (citations omitted). In that case, Judge Larimer granted the plaintiffs' request to re-open discovery with respect to the defendants' own fees reasoning that "defense counsel themselves have put at issue the reasonableness of the hours and rates charged by plaintiffs' attorneys, and have used their own hours and rates as yardsticks by which to assess the reasonableness of those sought by plaintiffs." *Id.* at 669. Specifically, in *Mendez*, the defendants opposed the fee request by submitting a summary of their own legal fees and costs. *Id.* at 668.

The Court has reviewed a number of cases addressing this issue, both within the Second Circuit and outside this Circuit, and as aptly recognized by Judge Larimer in *Mendez*, there are cases going both ways on the issue. *See Marks Constr. Co., Inc. v. The Huntington Nat'l Bank*, No. 1:05CV73, 2010 WL 1836785 (N.D. W. Va. May 5, 2010) (collecting cases supporting and opposing discovery of opposing party's attorneys' fees in a fee application dispute). A number of courts have allowed for the discovery of the opposing party's billing records in a fee application dispute. *See, e.g., Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574-75 (11th Cir. 1985) (where trial court admitted that it was having trouble deciding an appropriate fee, it was an abuse of

discretion not to allow discovery concerning hours expended and rates charged by defense attorneys); *Serricchio v. Wachovia Secs, LLC*, 258 F.R.D. 43, 45-47 (D. Conn. 2009) (permitting discovery of defendant's billing records and expense invoices as relevant to plaintiff's fee application); *Blowers v. Lawyers Coop. Publ'g Co., Inc.*, 526 F. Supp. 1324, 1326-28 (W.D.N.Y. 1981) (holding that information concerning amount of time spent by defendants' counsel and the amount of costs and disbursements was discoverable, but the amount of legal fees spent by defendants was not).

By contrast, a number of courts have denied efforts to obtain discovery of an opposing party's fees. *See, e.g., Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 654-55 (7th Cir. 1985) (district court did not abuse discretion in denying motion to compel discovery of number of hours incurred by opposing party's counsel in fee application dispute); *Okyere*, 300 F.R.D. at 151-52 (denying motion to compel defense counsel's billing records); *Romag Fasteners, Inc. v. Fossil, Inc.*, No. 3:10cv1827 (JBA), 2014 WL 7003896, at *4 (D. Conn. Dec. 10, 2014) (same).

At bottom, the decision comes down to a court's assessment of the relevance of the records sought by Plaintiff, in comparison to the further burden and effort that will be required if discovery is re-opened. This Court is mindful of the Supreme Court's cautionary instructions in *Hensley v. Eckerhart*, 461 U.S. 424 (1983):

> A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.

*Id.* at 436 (citations omitted).

Here, Defendants have opposed Plaintiff's fee application as grossly excessive, but they have not cited to their own billings as the benchmark by which the Court should evaluate Plaintiff's fee application. Rather, Defendants focus on inadequacies that they claim exist with respect to Plaintiff's counsel's record-keeping, the proportional amount of the fees allegedly incurred by Plaintiff when compared to the potential recovery, the amount of time expended on various tasks and the number of attorneys involved with those tasks, and the hourly rates charged by certain of Plaintiff's attorneys.

The Court does not view Defendants' own billing records as particularly relevant to a resolution of these issues. Plaintiff's fee application can be appropriately evaluated by this Court based on its knowledge of the case, its own experience, and the type of detail in the billing records provided by Plaintiff. For instance, the "Court's inquiry into the prevailing rate in the relevant community is not likely to be assisted by the production of opposing counsel's rates in this case." *Romag Fasteners, Inc.*, 2014 WL 7003896, at *3. In other words, even if defense counsel billed out its work at rates comparable to those charged by Plaintiff's counsel, that does not necessarily mean that any of the rates reflect what is reasonable in the community. Rather, "district courts are well experienced in conducting the legal reasonableness inquiry and assessing such objections without obtaining the hourly rates the defendants' counsel billed." *Id.*

Similarly, "[t]he examination of opposing counsel's records and how it allocated its defense work offers little assistance to the Court in its consideration of the substantive

reasonableness of Plaintiff's fee petition and the contents of Defendants' objections." *Id.* "Indeed, it often arises that defendants have reason to devote far greater resources to defending a suit than plaintiff has to prosecuting it." *Okyere*, 300 F.R.D. at 151. *See also Mendez*, 818 F. Supp. 2d at 669-70 ("there may be significant differences in the ways that plaintiffs' counsel and defense counsel litigate a case, and . . . this could cause a disparity between the two sides' respective hours and hourly rates. Such a disparity would not necessarily mean that one side's fees were necessarily unreasonable or excessive.").

In other words, the Court's task in evaluating the reasonableness of Plaintiff's fee application would not be promoted by comparing the time spent by Plaintiff's counsel on various tasks with the time incurred by defense counsel. This would not reflect an appropriate use of the Court's or the parties' time, as such an evaluation would rest on the faulty assumption that Defendants' billing records are a benchmark for reasonableness.

At least according to Defendants' analysis of Plaintiff's billings (Dkt. 126-2 at 2-3), the overwhelming majority of time spent by Plaintiff's counsel was related to the summary judgment motion and trial. This Court has firsthand knowledge of the efforts expended by counsel in connection with those aspects of this case. In other words, the Court does not need Defendants' billing records to evaluate the reasonableness of Plaintiff's counsel's fees. For example, the Court does not need defense counsel's billing records to reveal that the case was vigorously defended – the Court personally observed the effort devoted to defending this case.

Moreover, requiring the production of Defendants' billing records would only further prolong this litigation and increase the expenses incurred by both sides.

Undoubtedly there would be various privilege objections by Defendants to certain aspects of the records sought. *Romag Fasteners, Inc.*, 2014 WL 7003896 at * 4 ("the benefit to be gained from an examination of Defendants' billing records is likely to be slight in comparison to the burden that will be imposed if Defendants are required to produce the records Plaintiff seeks."). Defendants have filed their own cross-motion to reopen discovery in the event that Plaintiff's motion is granted, and there would similarly be contested issues with respect to that discovery. It is apparent to the Court that if it were to allow the parties to go down this path, it would result in the "second major litigation" that the Supreme Court has warned against. *Hensley*, 461 U.S. at 436.

Accordingly, because the Court does not view the records sought by Plaintiff as relevant, particularly when considered in the context of the burden that would be imposed on all parties and the Court by re-opening discovery, Plaintiff's motion to re-open discovery (Dkt. 129) is denied. As a result, Defendants' cross-motion to re-open discovery (Dkt. 133) is denied as moot.

Finally, without making any determination as to whether it will award Plaintiff her fees and expenses incurred in connection with the fee application, the Court will allow Plaintiff to supplement her fee application to include those fees. However, the Court will not grant Plaintiff's request to delay the submission of any further papers pending settlement discussions with United States Magistrate Judge Payson. (Dkt. 135-2 at 13-14). The Court referred this matter to Judge Payson on January 5, 2016 (Dkt. 127), but until recently, Plaintiff's counsel declined this Court's invitation to utilize Judge Payson's mediation skills to attempt to explore a resolution. While the parties are free to engage in


settlement discussions with Judge Payson and/or continue their efforts to resolve the case, this Court will not delay further consideration of the pending fee application.

## CONCLUSION

For the foregoing reasons, it is hereby ordered as follows:

1. Plaintiff's motion to re-open discovery (Dkt. 129) is denied, and Defendants' cross-motion to re-open discovery (Dkt. 133) is denied as moot;

2. On or before May 2, 2016, Plaintiff may file any further papers in support of its fee application, including any supplemental papers supporting a request for an award of fees with respect to her fee application;

3. Defendants may file any further papers in opposition to the fee application on or before May 13, 2016; and

4. Counsel shall appear before the Court on May 17, 2016, at 2:00 p.m. to discuss further proceedings, at which time the parties should be prepared to advise the Court as to whether either believes an evidentiary hearing is required with respect to the fee application.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: April 18, 2016
      Rochester, New York